IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES ERNEST FRYE, JR., # 98362-024**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 3:15cv375-HTW-LRA**

**UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE, DUNN
LAMPTON, GREGORY DAVIS, FELICIA
ADAMS, U.S. ATTORNEY FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI,
RICHARD STARRETT, and ASSISTANT
ATTORNEY JERRY RUSHING**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the court, *sua sponte*, for consideration of dismissal. *Pro se* plaintiff James Ernest Frye, Jr., is incarcerated with the Federal Bureau of Prisons, and he brings this action for damages challenging his convictions for conspiracy, carjacking, use of a firearm during a crime of violence, and Interstate transportation of a stolen vehicle. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

In the United States District Court for the Southern District of Mississippi, Frye was convicted of Count 1 conspiracy to commit carjacking with a firearm and to transport a stolen vehicle interstate, Count 2 carjacking resulting in death, Count 3 using a firearm during a crime of violence, and Count 4 Interstate transportation of a stolen vehicle. *United States v. Frye*, No. 4:01cr8-WHB-AGN (S.D. Miss. Feb. 28, 2005). On April 21, 2005, he was sentenced to serve thirty-seven months concurrently on Counts 1 and 4, followed by life without parole on Count 2, followed by five years on Count 3, in the custody of the Bureau of Prisons. *Frye*, No. 4:01cr8-

WHB-AGN (S.D. Miss. Apr. 21, 2005).

On May 21, 2015, Frye filed the instant action challenging his convictions. Frye contends that he was unlawfully arrested, prosecuted, and convicted, because his name is not spelled in all capital letters, contrary to the way it appeared in the criminal action, because he purports not to be a "public" citizen of the United States of America, because he contends the Judgment was converted to commercial paper, and because he contends that this court is not an Article III court. According to Frye, the United States therefore had no jurisdiction to prosecute him. Frye seeks compensatory and punitive damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act, and state law.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of

process or before the filing of the answer." *Id.*  The court has permitted Frye to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

A civil action that challenges the fact or duration of a conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  This rule applies to a federal, as well as a state, conviction. *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).  In such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Frye claims that he was arrested, prosecuted, and convicted without jurisdiction, because his name was spelled in all capital letters; he is a "private," as opposed to "public," United States citizen; this court is not an Article III court; and the Judgment of conviction was invalid.  Success on these claims would necessarily invalidate Frye's convictions from this court.  These claims may only proceed if Frye proves the convictions have already been invalidated.  He refused to respond to the court's inquiries regarding whether the convictions still stand.  The court takes judicial notice, however, that Frye's convictions in cause number 4:01cr8 have not been invalidated.

Because the convictions have not yet been invalidated, Frye is precluded by *Heck* from challenging them in this civil action.  This case is dismissed with prejudice for failure to state a

3

claim, until such time as he successfully has these federal convictions invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim, until such time as *pro se* Plaintiff James Ernest Frye, Jr., successfully has his federal convictions invalidated, via appeal, post conviction relief, habeas, or otherwise. This dismissal counts as a strike under Title 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of August, 2015.

S/ Henry T. Wingate
UNITED STATES DISTRICT JUDGE